## JAMES O'SHEA, RESPONDENT, v. HENRY KOHN, APPELLANT.

*Execution against the person of a defendant — what recitals it must contain — Code of Civil Procedure, secs. 1365, 1372, 1489.*

An execution against the person of the defendant recited that it was issued upon a judgment recovered in the Supreme court, in the city and county of New York, for fraud and the conversion and fraudulent disposition of property. It stated that the judgment had been docketed in the office of the clerk of the county of New York, and that an execution had been issued thereon to the sheriff of the county of Kings, where the defendant resided, which had been returned unsatisfied.

*Held,* that these recitals were sufficient to sustain a direction for the sheriff to arrest the defendant.

That it was not necessary that it should be stated in the execution that the judgment had been docketed in the office of the clerk of the county of Kings.

Nor was it necessary that an execution against the property of the defendant should have been previously issued to the sheriff of the county of New York. *Noe* v. *Christie* (15 Abb. [N. S.], 346); *People ex rel. Brack* v. *Reilly* (58 How., 218), . distinguished.

APPEAL from an order denying a motion to set aside an execution against the person of the defendant.

*Ira Leo Bamberger*, for the appellant.

*Louis Cohen*, for the respondent.

DANIELS, J. :

The execution which the application was made to set aside, states the recovery of a judgment by the plaintiff against the defendant in this court, in the city and county of New York, for the sum of $1,677.83, for fraud in incurring the liability, conversion, and the fraudulent disposition of property. This judgment is stated to have been docketed in the office of the clerk of this county on the 12th of January in the year 1885, and an execution against the property of the defendant, to have been issued to the sheriff of the county of Kings, where the defendant resided, which had been returned unsatisfied, leaving the amount of the recovery actually due thereon. These recitals are then followed with the direction to the sheriff to arrest the defendant, which he has objected to as not authorizing that direction, for the reason that no execution is shown to have been issued in that county against the property of the defendant, and no statement was made of the fact that the judgment had been docketed in the office of the clerk of the county of Kings, or of the time when it was so docketed.

It may be, however, presumed from the fact that an execution was issued against the property of the defendant to the sheriff of the county of Kings, which was afterwards returned unsatisfied, and no application whatever was at any time made to set aside that execution, that the judgment had been docketed previous to the time when it was issued as the law required that to be done. But even if that presumption should not be entertained still the execution against the person was not defective because of its omission to state that the judgment had been docketed in the county of Kings. For by section 1372 of the Code no recital of that fact has been required

to be contained in an execution against the person. The latter form of execution cannot be issued under the facts appearing in this case without the previous issuing of an execution against property, and when issued " it must recite the issuing and return of such an execution, specifying the county to which it was issued." That is all the recital upon this subject required to be contained in the execution against the person, to comply with this section of the Code.

That an execution against property had previously been issued to the sheriff of the county of New York was not necessary to entitle the plaintiff to issue an execution against the person of the defendant. What the present Code has required in this respect is that the execution against the property must have been issued to the county where the judgment debtor resides (Code, § 1489), and that the execution against his property was issued to the county where the defendant resided, is recited as a fact in the execution against his person. When these sections have been complied with as their directions appear to have been observed by the execution against the defendant's person, then by virtue of section 1365 of the Code an execution against the person may be issued to any county, and that under the circumstances disclosed was a complete authority for the execution which was issued upon the judgment against the person of this defendant. The case of *Noe* v. *Christie* (15 Abb. [N. S.], 346) is inapplicable to these provisions of the Code, for they prescribe a different rule to be observed by which the practice followed in this case was authorized. The case of *People ex rel. Brack* v. *Reilly* (58 How., 218) also differs materially in its facts from the present appeal. For the execution against the person which was there issued, did not recite the issuing and return of an execution against property as that was required to be done by the Code of Civil Procedure. The sections to which reference has been made fully sustain the execution issued on this judgment, and the order from which the appeal has been taken should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.